Gaston, Judge.
The Court is of opinion that there was error in the instruction to the jury on the question of usury. To render a contract usurious, there must be an agreement to take for forbearance of payment upon a loan of money or other commodities, a greater sum than at the rate of six -per centum per annum by way of discount or interest; and where in truth there is such a corrupt agreement, no color, contrivance or device, shall save the usurious contract from the visitation of the law. The trifling sum which in this case was deducted from the amount of Allen’s note when passed to the agent of the plaintiffs, was allowed expressly as a re- *122 numeration for the "trouble of travelling to make a demand on Allen. It is not on its face so unreasonable as to warrant the Court in declaring that the parties did not mean what they expressed. Whether the allowance was intended bona fide as a remuneration for trouble, or was designed as a cover to hide an agreement for excessive discount, was a question of fact, and should have been submitted as such to the consideration of the jury. Carstairs v. Stein, 4 Man. and Sel. 192.
Where ge.ne.rai fnd°usury andPthe hi ry find for tiff upon", the two and for the upon the* which'he1 has judg-favor the !Pu-eal’ preme Court cannot, if there were error in the charge of the Judge on the last plea, refuse to reverse the judg-tbentj-ouhd that the jury ought to have found differently on the two first pleas, because the Court cannot ju-that tie866 finding % wrong, if they verdict conclusive which it ^®¿aj'ees’ power to alter R.°r
*122 It has been insisted, however, by the counsel for the defendant, that notwithstanding this error the judgment should reversed, for that the defendant was entitled to a ver-diet in his favor upon .the pleas of the genet al issue and of limitations. This however we cannot judicially see> ar)d if we could we cannot give him such a verdict. A verc^ct ^as been rendered for the plaintiffs on all these pleas, This while it stands must be conclusive of the facts which it declares, and it is not in our power to modify or alter it Upon a second trial the defendant will be at liberty to i'n-sist that the bond not being an obligation simply for the payment of money was not in law negotiable, and therefore ^at ^ plaintiff is not an indorsee nor the defendant an in-dorser in the proper sense of those terms,
The judgment is to be reversed and cause remanded for a ve™'e de novo.
Pee Ctjbiam. Judgment reversed.